**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

Case No.: 17-22595-LMI
Chapter 13

LAI PINEL,

      Debtor.

_____/

**RESPONSE IN OPPOSITION TO DEBTOR'S**
**EMERGENCY AMENDED MOTION TO REINSTATE CASE**

**BSI FINANCIAL SERVICES, AS SERVICING AGENT FOR HMC ASSETS, LLC, SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF COMMUNITY DEVELOPMENT I TRUST** ("BSI Financial Services" or "Secured Creditor"), by and through undersigned attorney, responds in opposition to the Debtor's Emergency Amended Motion to Reinstate Case [D.E. 77] (the "Motion") and states:

1.      Secured Creditor is the owner and holder of that certain promissory note and that mortgage recorded in OR Book 23643, Page 535 - 564, in the Official Records of Miami-Dade County, Florida on the property located at *10964 N.W. 43rd Terrace, Doral, FL 33176*

2.      Secured Creditor filed a proof of claim [Claim 2-1] reflecting a total secured claim amount of $326,816.62 with pre-petition arrearage amount is $137,718.80 (the "Claim").

3.      On November 15, 2017, Secured Creditor filed its Objection to Confirmation (D.E. 19) (the Objection") of Debtor's proposed Chapter 13 Plan [D.E. 13] citing that the (i) proposed adequate protection payment amount of $500.00 is significantly less than 31% of the monthly income amount reflected on the Debtor's Schedule I in the amount of $3,000.00, and (ii) the Plan does not propose to cure any pre-petition arrearage to Secured Creditor when in fact the

approximate estimated amount of the pre-petition arrearage due to Secured Creditor are $137,718.80.

4.      At the confirmation hearing held on May 8, 2018, Debtor's counsel agreed to file an amended Plan that would resolve the issues raised in the Objection and conform to the Secured Creditor's Claim.

5.      On June 5, 2018, the Debtor filed a 5th Amended Plan [D.E. 72] (the "Amended Plan").   However, the Amended Plan fails to resolve the issues raised in the Objection; specifically, the Amended Plan does not provide for payments equal to thirty-one percent (31%) of Debtor's gross income towards the mortgage due Secured Creditor for the entire plan period and it does not provide for any payments of the outstanding arrearages due and owing in the total amount of $137,718.80.   In addition, the Amended Plan also incorrectly denotes secured creditor as Nationstar rather than the correct secured creditor as per the Claim.

6.      Secured Creditor objects to the Motion as it believes that the Motion to reinstate is just another attempt by the Debtor to further frustrate Secured Creditor's efforts to proceed with the pending foreclosure proceeding by seeking case reinstatement on the eve of another rescheduled foreclosure sale set for July 11, 2018.

7.      Secured Creditor asserts that the Debtor is attempting to preclude Secured Creditor from exercising its lawful rights to enforce the provisions of the Note and Mortgage and to proceed with the pending foreclosure proceedings.

8.      Secured Creditor asserts that reinstatement of this Instant Case would result in substantial prejudice to Secured Creditor.

9.      Secured Creditor asserts that it has incurred additional legal fees and/or costs in filing this Response.  As such, Secured Creditor seeks an Order for the recovery of all legal fees and costs associated with the filing of this Response.

**WHEREFORE**, Secured Creditor respectfully requests that this Honorable Court enter an Order (i) denying the Debtor's Emergency Amended Motion to Reinstate Case, (ii) directing Debtor to reimburse the legal fees and costs to Secured Creditor, and (iii) for any such other relief that the Court deems just and proper.

**Dated this 6th day of July, 2018.**

Respectfully submitted:

**GHIDOTTI | BERGER, LLP**
*Attorneys for Secured Creditor*
3050 Biscayne Blvd. - Suite 402
Miami, Florida 33137
Telephone: (305) 501.2808
Facsimile: (954) 780.5578

By:     /s/ Chase A. Berger
        Chase A. Berger, Esq.
        Florida Bar No. 083794
        cberger@bergerfirm.com


## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

By:     /s/ Chase A. Berger
        Chase A. Berger, Esq.

CASE NO.: 17-25595-AJC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>July 6, 2018</u>, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

***Debtor***
**Lai Pinel**
10964 N.W. 43rd Terrace
Miami, FL 33178

***Debtor's Counsel***
**James A Poe, Esq.**
9500 S. Dadeland Blvd. - #610
Miami, FL 33156

***Trustee***
**Nancy K. Neidich**
P.O. Box 279806
Miramar, FL 33027

***U.S. Trustee***
**Office of the US Trustee**
51 S.W. 1st Avenue - Suite 1204
Miami, FL 33130

By: /s/ Chase A. Berger
Chase A. Berger, Esq.