ORDERED in the Southern District of Florida on July 10, 2018



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court
for Chief Judge Laurel M. Isicoff

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

                                       Case No: Case No. 17-22595-LMI
                                       Chapter 13

Lai Pinel

_____Debtor_____/

## ORDER REINSTATING CHAPTER 13 CASE

This matter came to be heard by Judge Cristol in place of Judge Isicoff on July 10, 2018, on the Debtor's Emergency Motion to Reinstate Case. The Court, if applicable, has entered an order reopening the case and the debtor has paid all required reopening fees. Based on the record, it is

**ORDERED** as follows:

1)    The motion is granted and this case is **REINSTATED**. Pursuant to 11 U.S.C. §362(c)(2)(B), the automatic stay terminated on the date this case was dismissed and was not in effect from that date until the entry of this order.

2)    The Trustee's Final Report, if any filed, is deemed withdrawn and the Order Discharging Trustee, if entered, is deemed vacated.

3)    If not previously filed, any and all documents required to be filed by the debtor(s) under 11 U.S.C. §521(a)(1), Bankruptcy Rule 1007, and Local Rule 1007-1 shall be filed no later than 14 days after entry of this order.

4)    The following checked provision(s) also apply:

LF-66 (rev. 05/10/16)

[ ]  This case was dismissed prior to the conclusion of the meeting of creditors, under 11 U.S.C. §341. A new §341 meeting of creditors and confirmation hearing shall be set and noticed to all parties of record by the Clerk of Court. The notice shall also establish a new deadline to file proofs of claims and deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts.

[ √ ]  This case was dismissed after the §341 meeting of creditors was concluded but prior to or at the hearing on confirmation. (If applicable) A further §341 meeting will be conducted at ___N/A___. A new confirmation hearing is scheduled for **August 7, 2018 at 1:35 PM** in Courtroom 8, C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, Miami, FL. The deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts is **September 6, 2018**. The deadline for filing claims (except for governmental units) is **October 6, 2018**. Previously filed claims need not be re-filed.

[ ]  This case was dismissed after the §341 meeting of creditors was conducted and after the expiration of the deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts and the original deadline to file claims, but prior to or at the hearing on confirmation. No new deadlines shall be reset. (If applicable) A further §341 meeting will be conducted at ____ N/A____. A new confirmation hearing is scheduled for_____ in Courtroom 8, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Miami, FL.

[ ]  This case was dismissed after the §341 meeting of creditors and confirmation hearing and expiration of the deadline to file a motion objecting to discharge under §1328(f) or to file a complaint objecting to dischargeability of certain debts and the original claims bar date. No new §341 meeting, confirmation hearing, or deadlines shall be set, and the case shall proceed in the normal course under the confirmed plan.

[ √ ]  If this box is checked, the following provision applies:

As a condition of reinstatement of this case and in order to provide protection of creditors' vested interests, in the event of conversion to another chapter or dismissal of this reinstated case prior to confirmation, all plan payments held by the Chapter 13 trustee shall be non-refundable and held in trust for the secured creditors as adequate protection, and in trust for priority and administrative creditors. If this case is dismissed or converted, the Trustee shall disburse all funds which were received prior to the order of conversion or dismissal and held in trust. The disbursement shall be on a pro rata basis, less Trustee fees, to the

secured, priority or administrative creditors pursuant to the proposed Chapter 13 Plan which was filed at least one day prior to the last confirmation hearing date. (see Local Rule 1017-2(F) and Interim Local Rule 1019-1 (E), (F), (G), AND (H)).

5. The foreclosure sale scheduled for July 11, 2018 in the case captioned Nationstar Mortgage LLC vs. Lai Pinel, Case No. 2011-33478-CA-01, in the 11th Judicial Circuit, in and for Miami-Dade County, Florida shall not be stayed by the reinstatement of this case, however, the Miami-Dade Clerk of Court is enjoined from issuing the Certificate of Sale under further Order from this Court. **To the extent the Miami-Dade Clerk of Court issues the Certificate of Sale, the Creditor shall move to vacate said certificate pursuant to this order. If the Debtor can propose a confirmable Plan, the sale may be set aside.**

###

**Submitted by:**

James Alan Poe, Esq.
9500 S. Dadeland Blvd.
Suite 610
Miami, FL 33156

**Copies to**
All parties of record by the Clerk of Court